IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES ARNELL SMITH-BEY,   *
A Moorish American National, natural person
in full life, in propria persona, sui juris,   *
permanent representative of: Moorish Divine
National Movement   *

      Petitioner,   *

v.   *   CIVIL ACTION NO. GJH-15-3448

WARDEN JOHN WOLFE   *
      Respondent.
                             *****

## **MEMORANDUM**

On November 12, 2015, Charles Arnell Smith-Bey, filed a Petition for Writ of Habeas Corpus.[1] This Petition represents the eighth federal habeas corpus action filed on behalf of or by Smith-Bey in the past eight months. Smith-Bey claims that he is being held in custody of John Wolfe, the Warden at the Maryland Correctional Institution in Jessup and holds himself out as a "Permanent Representative of the Moorish Divine, National Movement." He seeks release from Maryland confinement arguing that he was kidnapped, human trafficked and committed to prison under the "artificial" and fictitious person of "CHARLES ARNELL SMITH." He again attacks his 2014 conviction and sentence imposed in the Circuit Court for Charles County.[2] ECF No. 1.

---

[1] The Petition is dated November 5, 2015.

[2] The state court docket shows that Smith-Bey was represented by counsel in his criminal proceeding. After a jury trial before Judge Robert C. Nalley, Charles Arnell Smith was convicted of second-degree physical child abuse in the Circuit Court for Charles County, Maryland. On March 27, 2014, he was sentenced to a five-year term. *State v. Smith*, Case Number 08K1000792 (Circuit Court for Charles County). On July 1, 2015, the Court of Special Appeals of Maryland denied Smith-Bey's application for leave to appeal. *See* http://casesearch.courts.state.md.us/casesearch.

Accompanying the Writ is Smith-Bey's Motion for Leave to Proceed In Forma Pauperis. ECF No. 2. Because he appears indigent the Motion for Leave to Proceed In Forma Pauperis shall be granted.

Affording his self-represented Petition a generous construction, Smith-Bey claims that he was deprived of his right to his "proper free national name" and nationality as a Moorish-American National. He raises a general challenge to the jurisdiction of the State of Maryland and asserts that he submitted an affidavit challenging the jurisdiction of the Circuit Court for Charles County, Maryland demanding proof of harm from the alleged victim. Smith-Bey argues that as no rebuttal or evidence of proof was ever produced by "Administrative Officer" Nalley,[3] he is entitled to the entry of default judgment. *Id.* at pp. 8-9. He cites to violations of various treaties and constitutional provisions in support of his Writ. *Id.* at p. 10. Because Smith-Bey seeks relief from a state court judgment, the Petition is construed as petition for habeas corpus under 28 U.S.C. § 2254.

Smith-Bey's previous Writs raising identical or similar claims were dismissed by this Court. *See Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-764 (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-1067 (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-1336 (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-1654 (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-1915 (D. Md.); *Smith-Bey v. Wolfe, et al.*, Civil Action No. GJH-15-2606 (D. Md.).[4] The Court has cautioned Smith-Bey that any further Petitions raising a challenge to his conviction on grounds of his Moorish-American defense would be decided on the merits. *Id.* at

---

[3] Plainly, Smith-Bey is referring to Charles County Circuit Court Judge Robert Nalley.

[4] On October 19, 2015, Smith-Bey filed a 28 U.S.C. § 2241 Petition, again raising a challenge to his confinement based upon his Charles County conviction. His request to voluntarily withdraw the Petition was granted on November 13, 2015. *See Smith-Bey v. Wolfe*, Civil Action No. GJH-15-3179 (D. Md.).

ECF No. 3.

Courts have repeatedly rejected the position that Moorish Nationals are not subject to the laws and jurisdiction of the United States, either by heritage or treaty. *See, e.g., United States v. White*, 480 Fed. Appx. 193, 194 (4th Cir. 2012) (per curiam) ("Neither the citizenship nor the heritage of a defendant constitutes a key ingredient to a district court's jurisdiction in criminal prosecutions.").[5] Relief cannot be granted on that basis.[6] To the extent that Smith-Bey has raised any cognizable claims, those claims cannot proceed at this time because they have not been fully addressed by the state courts.[7]

---

[5] The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside. *See, e.g., Bey v. Jamaica Realty,* No. 12–CV–1241(ENV), 2012 WL 1634161, *1 n. 1 (E.D. N.Y. May 9, 2012) (citing *Bey v. Am. Tax Funding,* No. 11–CV–6458, 2012 WL 1495368, at *6 (W.D. N.Y. Apr. 27, 2012); *see also Bey v. City of Rochester,* 2012 WL 1565636, at *8 (W.D. N.Y. Apr. 30, 2012) (citing *El–Bey v. North Carolina,* No. 5:11–CV–0423FL, 2012 WL 368374, at *2 (E.D.N.C. Jan.9, 2012) (unpublished) ("[A]ny claim based on the contention that litigants are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."), recommendation adopted, 2012 WL 368369 (E.D. N.C. Feb. 3, 2012) (unpublished); *Bey v. American Tax Funding,* No. 11–CV–6458(CJS), 2012 WL 1498368, at *6 (W.D. N.Y. Apr. 27, 2012) ("[Plaintiffs'] purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence).

[6] Smith-Bey's ground, relating to his prosecution under the name of "CHARLES ARNELL SMITH," sounds as a flesh-and-blood, sovereign man defense claim. These types of challenges have been repeatedly rejected by the courts. *See United States v. Mitchell,* 405 F.Supp.2d 602, 603–06 (D. Md. 2005).

[7] Further, on November 24, 2015, the Court received Smith-Bey's "Motion to Amend Pleading." ECF No. 4. He cites to an old treaty between Morocco and the United States, provisions of the United States Constitution and a 1943 U.S. Supreme Court decision which refers to the rule describing the federal courts' power to make federal common law when there is a federal lawmaking power to do so and a strong federal interest in a nationally uniform rule. For the first time, Smith-Bey seemingly raises the claim that he was not legally convicted in state court as "a mystery person affixed the acronym A.K.A. with a name that appears similar to that of Petitioners, with the name, identity, and status of the defendant party in the case which also happens to be similar to the name, identity and status that the Petitioner was falsely branded with by the prison guards." ECF No. 4. The Motion to Amend shall be granted.

Habeas corpus relief will be denied. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-el v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). Smith-Bey does not satisfy this standard, and the Court declines to issue a certificate of appealability.

For the aforementioned reasons, Smith-Bey's Petition for writ of habeas corpus shall be denied and dismissed. A separate Order follows reflecting the rulings entered herein.[8]

GEORGE JARROD HAZEL
United States District Judge

---

[8] The Petition was accompanied by a Motion for Summary Judgment "on the claim [raised] in my petition." ECF No. 3. Smith-Bey seeks the entry of judgment, citing to undisputed "material facts." In light of Smith-Bey's claims and the Court's findings as to the merits of his Petition, the Motion shall be denied